NUMBER 13-11-00257-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

GABRIEL AGUILAR,                                                                    Appellant,

 

                                                             v.

 

JESUS HUMBERTO
HERNANDEZ,                                             Appellee.

____________________________________________________________

 

                     On
appeal from the County Court at Law No. 5

                                       of
Hidalgo County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                          Before Justices
Garza, Vela, and Perkes

Memorandum Opinion
Per Curiam

 








Appellant,
Gabriel Aguilar attemped to perfect an appeal from an order signed on April 11,
2011, in cause no. CL-05-1249-E.  Upon review of the documents before the
Court, it appeared that there was no final, appealable judgment dated April 11,
2011.  On April 26, 2011, the Clerk of this Court notified appellant of this
defect so that steps could be taken to correct the defect, if it could be
done.  See Tex. R. App. P.
37.1, 42.3.   Appellant was advised that, if the defect was not corrected
within ten days from the date of receipt of the notice, the appeal would be
dismissed for want of jurisdiction.  Appellant failed to respond to the Court’s
notice. 

The
Hidalgo County Clerk’s Office has informed this Court that no judgment was
entered on April 11, 2011.  In terms of appellate jurisdiction, appellate
courts only have jurisdiction to review final judgments and certain
interlocutory orders identified by statute.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).  

The
Court, having considered the documents on file and appellant's failure to
correct the defect in this matter, is of the opinion that the appeal should be
dismissed for want of jurisdiction.  Accordingly, the appeal is DISMISSED FOR
WANT OF JURISDICTION.  See Tex.
R. App. P. 42.3(a),(c). 

 

PER
CURIAM

Delivered and filed the

9th day of June, 2011.